UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARVIN M. WILLIAMSON, JR. | CIVIL ACTION |
| VERSUS | NO. 13-539 |
| LOUISIANA DEPARTMENT OF CORRECTIONS, JAMES LEBLANC | SECTION "J"(2) |

**ORDER AND REASONS**

Pro se plaintiff Marvin M. Williamson, Jr. is an inmate currently incarcerated in the Concordia Parish Work Release Facility in Vidalia, Louisiana. He filed the captioned lawsuit in forma pauperis[1] pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Corrections and its Secretary, James LeBlanc. Plaintiff alleges that the Department is denying him parole eligibility under state law, thus depriving him of a constitutionally protected liberty interest without due process of law. He seeks injunctive relief. Record Doc. No. 1 (Complaint).

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in pertinent part:

---

[1] The court has instructed the clerk of court by separate order to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Middle District of Louisiana.

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice.  For example, a magistrate judge's transfer of a prisoner's case to the district in which his claims allegedly arose has been held proper by the United States Court of Appeals for the Fifth Circuit.  <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067 (5th Cir. 1999).

Plaintiff is challenging actions by the Department of Public Safety and Corrections and its Secretary James LeBlanc.  The events forming the factual basis of plaintiff's claim occurred within the Middle District of Louisiana.  No defendant is alleged to reside in or is located within the Eastern District of Louisiana. Venue is not proper in the Eastern District of Louisiana. On the other hand, venue appears proper in the Middle District of Louisiana and the interests of justice dictate that this case be transferred, rather than being dismissed on grounds of improper venue.  A magistrate judge is authorized to transfer to another district a complaint asserting claims based upon events occurring in that district.  <u>Balawajder</u>, 160 F.3d at 1067.  Accordingly,

It is therefore **ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, this \_\_\_27th\_\_\_ day of March, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE