UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARVIN M. WILLIAMSON JR. (#543885)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF                         NUMBER 13-205-JJB-SCR
CORRECTIONS, ET AL

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 23, 2015.

                               STEPHEN C. RIEDLINGER
                               UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARVIN M. WILLIAMSON JR. (#543885)

VERSUS                                             CIVIL ACTION

LOUISIANA DEPARTMENT OF                            NUMBER 13-205-JJB-SCR
CORRECTIONS, ET AL

## MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Motion for Judgment and the Motion for Summary Judgment filed by defendant James LeBlanc. Record document numbers 14 and 18, respectively. Defendant LeBlanc's motion is opposed.[1]

For the following reasons, the plaintiff's motion should be denied, the defendant's motion should be granted, and this action should be dismissed.

Pro se plaintiff, an inmate confined at the Concordia Parish Work Release Facility, Vidalia, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections and Louisiana Department of Public Safety and Corrections Secretary James LeBlanc. Plaintiff alleged that his parole eligibility date was miscalculated in violation of

---

[1] Record document number 19.

his constitutional rights.[2]

Plaintiff moved for summary judgment relying on a statement of facts.

Defendant moved for summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy Procedure (hereafter "ARP") HDQ-2012-1665 and HDQ-2012-0174, a copy of the plaintiff's Master Record, a copy of the plaintiff's Release Date Computation Information, copies of the Extract of Minutes (for the plaintiff's Petit Jury Trial held on October 14, 2008, the Imposition of Sentence - Habitual Offender Arraignment held on March 13, 2009, the Habitual Offender Hearing held on August 28, 2009, and the Re-Sentencing Hearing held on June 2, 2011), and copies of the Bill of Information and Habitual Bill of Information in *State of Louisiana v. Marvin Mitchell Williamson, Jr.*, No. 08-175670, Sixteenth Judicial District Court, Parish of St. Mary, Louisiana.

Plaintiff opposed the defendant's motion relying on a statement of facts, a copy of the Transcript of his Re-Sentencing Hearing and a copy of the transcript of the plaintiff's Sentencing and Multiple Offender Arraignment held on March 13, 2009.

---

[2] The Louisiana Department of Public Safety and Corrections was not served with the summons and complaint and did not participate in the defendant's motion for summary judgment.

## I. Background

Plaintiff was convicted of aggravated criminal damage to property in the Sixteenth Judicial District Court for the Parish of St. Mary, Louisiana. Plaintiff was sentenced to serve a term of two years imprisonment at hard labor. Plaintiff's conviction and sentence were affirmed on appeal. *State v. Williamson*, 2009-1299 (La. App. 1st Cir. 12/23/09) (unpublished opinion).

Plaintiff was subsequently adjudicated a second felony habitual offender and was re-sentenced to serve seven and one-half years imprisonment without benefit of parole, probation or suspension of sentence. Plaintiff's habitual offender adjudication was affirmed on appeal; however, his sentence was vacated and remanded with instructions to re-sentence the plaintiff. *State v. Williamson*, 2010-0152 (La. App. 1st Cir. 10/29/10) (unpublished opinion). Specifically, the appellate court held that the denial of parole eligibility on the plaintiff's habitual offender sentence was unlawful because parole eligibility is not prohibited by either the habitual offender statute or the aggravated criminal damage to property statute. *See* LSA-R.S. 14:55 and 15:529.1G.

On June 2, 2011, the plaintiff was re-sentenced to seven and one-half year term of imprisonment at hard labor.[3]

Plaintiff alleged that the Department of Corrections erroneously calculated his parole eligibility date in violation of

---

[3] Record document number 19-1, pp. 1-6.

3

his due process rights.  The gist of the plaintiff's argument is that pursuant to LSA-R.S. 15:574.4A(1), he should be eligible for parole after serving one-half of the sentence imposed.  Plaintiff argued that the defendant has erroneously determined that he must serve 85% of his sentence before he is eligible for parole.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).  Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment.  *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012).  The court need only consider cited materials, but it may consider other materials in the record.  Rule 56(c)(1)(3).

### B. Parole Eligibility

Plaintiff argued that pursuant to LSA-R.S. 15:574.4 A.(1), he should be eligible for parole after serving one-half of the seven and one-half year sentence imposed by the trial court.  Plaintiff argued that Department of Corrections personnel have erroneously

determined that he must serve 85% of his sentence before being eligible for parole. Plaintiff's argument is not persuasive.

Plaintiff was convicted of aggravated criminal damage to property, a violation of LSA-R.S. 14:55. Aggravated criminal damage to property is defined as a crime of violence. LSA-R.S. 14:2(B)(19).

Parole eligibility is set forth in LSA-R.S. 15:574.4. Subsection A provides in relevant part the following:

> Unless eligible at an earlier date and **except as provided for in** Subparagraph (b) of the Paragraph and **Subsection B**.... Upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving fifty percent of the sentence imposed ...

LSA-R.S. 15:574.4(A)(1)(a) (emphasis added).

Subsection B provides in relevant part as follows:

> ... Notwithstanding any other provisions of law to the contrary, a person convicted of a crime of violence and not otherwise ineligible for parole shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole. ...

LSA-R.S. 15:574.4(B)(1).

Because the plaintiff was convicted of a crime of violence his parole eligibility is controlled by LSA-R.S. 15:574.4(B) which requires that he serve 85% of his sentence before becoming eligible for parole consideration. *State v. Ridgley*, 08-675 (La. App. 5th Cir. 1/13/09), 7 So.3d 689, 701 n.6. Plaintiff's argument to the contrary has no merit. Secretary LeBlanc is entitled to summary judgment as a matter of law.

5

**C.  A.  Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff named the Louisiana Department of Public Safety and Corrections as a defendant.  Under the Eleventh Amendment to the

United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion for Judgment be denied, the defendant's Motion For Summary Judgment be granted and the claims against James LeBlanc be dismissed.

It is further recommended that the plaintiff's claim against

7

the Louisiana Department of Public Safety and Corrections be dismissed as frivolous pursuant to to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim the plaintiff could assert against the defendant consistent with the facts alleged in his complaint and this action be dismissed.

Baton Rouge, Louisiana, January 23, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE